**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| **Lawrence Johnson and Dorothy Johnson,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **GenPact Limited and Genpact Services, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1.    This is an action brought by Plaintiffs, Lawrence and Dorothy Johnson, for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq* (hereinafter "FDCPA").    Plaintiffs also seek compensatory and punitive damages for the Defendants' violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2.    This Court has Jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, §1332 and §1367.    Venue is proper in that the Defendants transacted business here, and the Plaintiffs reside here.

## PARTIES

3.    Plaintiff, Lawrence Johnson, is a resident and citizen of the State of South Carolina, Aiken County, and is over the age of twenty-one (21) years.  Plaintiff Lawrence Johnson is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

4.    Plaintiff, Dorothy Johnson, is a resident and citizen of the State of South Carolina, Aiken County, and is over the age of twenty-one (21) years.  Plaintiff Dorothy Johnson is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

5.    Defendant Genpact Limited (hereinafter referred to as "Genpact Ltd") is an entity whose corporate status is unknown to Plaintiffs at this time and who, upon information and belief, does not have a registered agent in South Carolina. Defendant Genpact Ltd may be served with process through its President and CEO, N.V. Tyagarajan at its North American Corporate Headquarters, 1155 Avenue of the Americas, Fourth Floor, New York, NY 10036.  Defendant Genpact Limited is a "debt collector" as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

6.    Defendant Genpact Services, LLC (hereinafter referred to as "Genpact LLC") is a Delaware corporation who may be served with process through its registered agent, National Corporation Research, Ltd, 2 Office Park Ct., Suite 103, Columbia, SC 29223. Defendant Genpact Services, LLC is a "debt collector" as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

7.    Defendants Genpact Ltd and Genpact LLC each participated in and contributed to the

damages caused to the Plaintiffs.

8.   Upon information and belief, all acts done by Genpact Ltd were done on its own behalf and on behalf of Genpact LLC.

9.   Upon information and belief, all acts done by Genpact LLC were done on its own behalf and on behalf of Genpact Ltd.

## FACTUAL ALLEGATIONS

10.  Starting in September, 2013, Defendants began to make telephone calls to Plaintiffs' home and cellular phones in an attempt to collect an alleged debt. Defendants made several telephone calls per day to Plaintiffs in an attempt to collect an alleged debt and said telephone calls were made with the intent to harass, coerce or annoy Plaintiffs into paying an alleged debt.

11.  Upon information and belief, Defendants made telephone calls from seven (7) different telephone numbers to contact Plaintiffs in its attempts to harass Plaintiffs into paying an alleged debt.

12.  From September of 2013 until January of 2014, Defendants carried out a systematic campaign of harassment against Plaintiffs by calling Plaintiffs more than four hundred (400) telephone times. Upon information and belief, every call made by Defendant to Plaintiffs was in an attempt to collect an alleged debt and was made with the intent and purpose to harass, annoy and/or coerce the Plaintiffs into paying an alleged debt.

13.  In September, 2013, Defendant made at least ninety-one (91) telephone calls to

Plaintiffs in an attempt to collect an alleged debt. Defendant made, on average, three (3) calls per day to Plaintiffs in an attempt to collect an alleged debt.

14.   In October, 2013, Defendant made at least one hundred and thirteen (113) telephone calls to Plaintiffs in an attempt to collect an alleged debt. Defendant made, on average, over three (3) calls per day to Plaintiffs in an attempt to collect an alleged debt.

15.   In November, 2013, Defendant made at least one hundred and eighteen (118) telephone calls to Plaintiffs in an attempt to collect an alleged debt. Defendant made, on average, almost four (4) calls per day to Plaintiffs in an attempt to collect an alleged debt.

16.   In December, 2013, Defendant made at least seventy five (75) telephone calls to Plaintiffs in an attempt to collect an alleged debt. Defendant made, on average, over two (2) calls per day to Plaintiffs in an attempt to collect an alleged debt.

17.   In January, 2014, Defendant made at least fourteen (14) telephone calls to Plaintiffs in an attempt to collect an alleged debt. On multiple occasions in January, 2014, Defendant made multiple telephone calls within a twenty-four (24) hour period to Plaintiffs in an attempt to collect an alleged debt.

18.   Since January, 2014, Defendants have continued to call Plaintiffs multiple times to collect an alleged debt.

19.   The relentless telephone calls made by Defendant to Plaintiffs in an attempt to collect

an alleged debt were all made with the intent to harass, annoy or coerce Plaintiffs into paying an alleged debt.

20.   In spite of the constant communications from Defendants, Defendants never provided Plaintiffs with any documentation, in the form of a letter or otherwise, reflecting Defendants' rights to seek verification of the alleged debt as required by the FDCPA.

21.   Upon information and belief, a number of calls placed to the Plaintiffs' cellular telephones by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

22.   Defendant repeatedly called Plaintiffs on numbers that were assigned to a cellular telephone service. Additionally, Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

23.   Plaintiffs did not expressly consent to Defendant's placement of telephone calls to their cellular telephones by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Defendants knew, or should have known, that they were calling Plaintiffs' cellular telephone numbers without express consent.

24.   None of Defendant's telephone calls placed to Plaintiffs were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

25.   The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## COUNT ONE
### (Violation of the Fair Debt Collection Practices Act)

26.   Plaintiffs hereby adopt all of the allegations set forth in paragraphs 10 through 25 as

if set forth fully herein.

27.    Defendants have engaged in collection activities and practices in violation of the Fair

Debt Collection Practices Act with respect to the Plaintiffs and an alleged consumer

debt.  Defendants are debt collectors as that term is defined in 15 U.S.C. 1692a(6) and

are regularly engaged in the collection of debts.

28.    Defendants violated §1692c(a)(1) by contacting the Plaintiffs at a time or place

Defendants knew or should have known was inconvenient to the Plaintiffs.

29.    Defendants violated §1692d by engaging in conduct the natural consequence of which

was to harass, oppress, or abuse the Plaintiffs by repeatedly telephoning the Plaintiffs

with the intent to annoy, abuse, or harass the Plaintiffs in an effort to coerce them into

paying a debt in violation of §1692d(5).

30.    Defendants violated §1692g(a) by not providing Plaintiffs with the statutorily required

debt verification language to Plaintiffs as part of Defendants' initial communications

or within five days after Defendants' initial communication with Plaintiffs.

31.    As a proximate result of Defendants' actions, the Plaintiffs were caused to suffer

worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness,

physical pain and mental anguish for which she seeks the maximum statutory

damages, actual damages, plus attorneys' fees and costs.

## COUNT TWO
### (Violation of the Telephone Consumer Protection Act)

32.    Plaintiffs hereby adopt all of the allegations set forth in paragraphs 10 through 31 as

if set forth fully herein.

33.   The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
### (Violation of the Telephone Consumer Protection Act)

35.   Plaintiffs hereby adopt all of the allegations set forth in paragraphs 10 through 34 as if set forth fully herein.

36.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT FOUR
### (Negligent Training and Supervision)

38.   Plaintiffs hereby adopt all of the allegations set forth in paragraphs 10 through 37 as

if set forth fully herein.

39.    Defendants knew or should have known of their inadequate training and supervision. If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiffs would not have occurred.

40.    Defendants knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the FDCPA, the TCPA, and South Carolina law.

41.    Defendants negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

42.    As a result of the Defendants' negligence, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## <u>COUNT FIVE</u>
### Reckless and Wanton Training and Supervision

43.    Plaintiffs hereby adopt all of the allegations set forth in paragraphs 10 through 42 as if set forth fully herein.

44.    Defendants knew or should have known of their inadequate training and supervision. If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiffs would not have occurred.

45.    Defendants knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the FDCPA, the TCPA, and South Carolina law.

46.    Defendants recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

47.    As a result of the Defendants' recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

**COUNT SIX**
**(Invasion of Privacy)**

48.    Plaintiffs hereby adopt all of the allegations set forth in paragraphs 10 through 47 as if set forth fully herein.

49.    South Carolina state law recognizes the Plaintiffs' right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiffs.

50.    Defendants intentionally intruded upon the Plaintiffs' right to privacy by continually harassing the Plaintiffs with telephone calls to collect an alleged debt.

51.    The telephone calls made by Defendants to Plaintiffs were so persistent and repeated with such frequency that they were outrageous, caused Plaintiffs serious mental suffering and invaded the Plaintiffs' privacy.

52.    The conduct of the Defendants in engaging in the systematic campaign of harassment

by repeatedly telephoning the Plaintiffs over 400 times in 5 months demonstrates Defendants' blatant and shocking disregard for Plaintiffs' rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53.    As a result of the intrusions and invasions into Plaintiffs' privacy, the Plaintiffs are entitled to compensatory damages in an amount to be determined by a struck jury.

47.    Additionally, as all of the acts undertaken and performed by the Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiffs are also entitled to punitive damages from the Defendant.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against Defendant for the following:

A.    For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include the Plaintiffs' actual damages, statutory damages of one thousand ($1,000.00) dollars for each Plaintiff, as well as attorney's fees and costs;

B.    Statutory damages of $500.00 from Defendants for each and every negligent violation of the TCPA;

C.    Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phones by Defendants as each and every call was a knowing

and/or willful violation of 47 U.S.C. §227 *et seq.*;

D.    For compensatory and punitive damages in an amount to be determined by a struck jury for Defendants' negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

E.    For this matter to be heard by a jury; and

F.    For such other and further relief as this Court deems necessary and proper.


/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
Attorney for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**


/s/ Penny Hays Cauley
Of Counsel

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

(Via Restricted Delivery)
Genpact Limited
c/o N.V. Tyagarajan, President and CEO
1155 Avenue of the Americas
Fourth Floor
New York, NY 10036

Genpact Services, LLC
c/o National Corporation Research, Ltd - Registered Agent
2 Office Park Ct.
Suite 103
Columbia, SC 29223